JIM WILSON ET AL. v. SUSIE LEWIS ET AL.

Decided June 14, 1904.

**1.—Charge—Deed—Mortgage—Intention—Homestead.**

In order to constitute a deed, absolute in form, a mortgage to secure a debt, it must be mutually so intended by the parties, and a charge was erroneous which instructed the jury to find for plaintiffs, in an action to cancel a deed given by a husband and wife on their homestead, if the wife intended such to be a mortgage, although the other contracting party may have considered it an absolute conveyance.

**2.—Same—Innocent Purchaser.**

Plaintiffs whose claim to recover land rested on establishing a conveyance, absolute on its face, to be a mortgage of their homestead, could not recover if it was in fact a deed and it was error to make defendant's title, in such event, rest on his claim to be an innocent purchaser.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Fisher, Sears & Sherwood,* for appellants.

*F. F. & E. T. Chew,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by Susie Lewis and her husband, Alfred Lewis, against Jim Wilson, Rufus Williams and H. F. Fisher, to recover lots 4 and 5 in block 14 of Sweeney's addition to the city of Houston and to cancel their deed thereto.

Jim Wilson answered by general denial. Williams answered by general denial and plea of innocent purchase for value without notice of plaintiff's alleged rights. Fisher was only a nominal party defendant.

A trial by jury resulted in a judgment for plaintiffs and defendants have appealed.

We state the case briefly as follows: In April, 1898, plaintiffs were the owners of the property in controversy, and there is evidence tending to show that they were residing on it as their home. In that year Alfred Lewis executed a deed of trust thereon to secure an indebtedness of $200 due by him to Jim Wilson.

One Ludtke held a judgment for $50 against Lewis, and in May, 1899, Lewis and his wife executed a deed absolute in form purporting to convey to Wilson the lots in controversy in satisfaction of the $200 debt and $50 in cash to pay off the Ludtke judgment.

Under this conveyance Wilson took possession and Lewis and his wife moved away and thereafter lived in another part of the city.

On August 3, 1900, Wilson gave a deed of trust on the property to H. F. Fisher, trustee, to secure the American Brewing Association for a debt of $500 due by Wilson.

On January 29, 1901, Wilson gave a deed of trust for the benefit of Rufus Williams to secure the payment of $500 which he claims to have borrowed from Williams, and a part of which liquidated the brewing company's claim.

After this suit was brought the land was sold under the $500 deed of trust and bought in for Williams, the bid being $450. Its value is between $1000 and $1200, and was when Wilson procured his deed from plaintiffs.

Plaintiffs seek to have the deed to Wilson set aside on the ground that it was intended for the security of a debt and therefore void, the property being homestead.

Susie Lewis seeks to annul it on the additional ground that even if between Alfred Lewis and Wilson it was absolute it was not so explained to her, and claims the notary who took her acknowledgment told her it was a mortgage. She so testified, and Alfred Lewis testified that it was a "conditional sale" and the property was to be reconveyed to them when the debt was discharged. Susie testified that possession was surrendered to Wilson in order that the rent might discharge the debt.

As against Williams plaintiff's claimed and sought to show that Williams took his deed of trust with knowledge that the property was homestead and the deed a mortgage, and that the transaction between Williams and Wilson was simulated and was made because Wilson knew that with the knowledge he possessed he could not hold the land.

It was shown that Wilson was in possession at the date of the trial and had been for two years; that he had paid no rent to Williams since the sale under the deed of trust, and that he had an agreement with Williams to repurchase if he defeated plaintiff's suit.

It thus appears that the fact issues presented are: (1) Was the property homestead at the date of the deed to Wilson? (2) Was the deed absolute or intended merely to secure a debt? (3) If the deed was in fact a mortgage, was Williams a purchaser for value without notice of the fact at the time he took his deed of trust?

Appellants complain that the court committed error in the submission of these issues to the jury.

By the fourth assignment the following portion of the court's main charge is assailed:

"If the jury believe from the evidence that the premises aforesaid was the homestead of plaintiffs, and that the deed from Alfred Lewis and wife to Jim Wilson dated May 22, 1899, at the time of its execution * * * was intended to secure a debt and was not intended to convey the title to said property by the wife of Alfred Lewis, and that she did not know that the same was a deed and did not understand that the same was a deed, but understood that the same was intended for the security of a debt, then you will find for the plaintiffs against the defendant Jim Wilson."

In this charge the court in effect told the jury that if Susie Lewis intended the instrument as a mortgage and did not know it was an absolute deed the instrument was a nullity if the property was a homestead, and this though Wilson might have contracted for a conveyance and had no knowledge of her mistaken belief as to the nature of the instrument. We think the charge is erroneous. We understand the law to be that

if two parties make a transaction in form an absolute sale, it can not be shown to be otherwise except upon proof that it was *mutually* intended as a mere security for a debt. It is not enough that one of the parties so intended it. It must have been agreed to be other than what it purported to be.

We understand also that married women in dealing with their homesteads are not exempt from the rule. Of course this rule does not apply if Wilson and Alfred Lewis, intending a sale, deceived the wife as to the nature of the transaction and thereby procured her signature, for in such a case the fraud of Wilson would defeat the deed.

But the charge in question is not so qualified, and had the jury believed that the property was homestead and that the wife signed privately, intending the instrument as a mortgage, and that Williams at the date of his transaction had learned of her mistake as to its character, they must have found for plaintiffs under this charge, even though they also believed that Wilson intended to purchase, had no knowledge of her mistake, and was in no way responsible for her error.

We think the special charges presented in the fifth assignment embody the law upon this point and should have been given.

The seventh assignment is immaterial, for if the property was homestead Wilson knew it, and if Williams knew the deed was a mortgage he got no title because Wilson could have got none except by foreclosure. If the deed was in fact a conveyance the homestead question is eliminated, for they had the right to make an absolute sale of it.

The sixth assignment can not be sustained. The court's definitions of homestead and abandonment were correct.

The following portion of the court's charge is also assailed:

"You are further charged, if you believe from the evidence that the deed aforesaid, from Alfred Lewis and Susie Lewis, his wife, to Jim Wilson, was intended to be an absolute conveyance for the property therein described, and was not intended as a security for a debt then existing, then you will find for the defendant.

"Or, if you believe from the evidence that the said deed of trust was not intended as a security for a debt, but was intended as an absolute conveyance of the title to lots Nos. 4 and 5 to the said Rufus Williams, and that the defendant Rufus Williams, for a valuable consideration, received the deed of trust executed by Jim Wilson to Henry F. Fisher, trustee, and hereinbefore referred to, dated on the 29th day of January, 1901, and that the said Rufus Williams had no knowledge of the fact that the deed executed by Alfred Lewis and his wife, Susie Lewis, to Jim Wilson, was intended as security for a debt and that he entered into no combination with the said Jim Wilson to acquire the property, to wit, lots 4 and 5 in block 14 of the Sweeney addition, and that the said property was regularly sold by Henry F. Fisher, trustee, and bought in by the said Rufus Williams, and that the transaction was not simulated, then you will find for the defendant."

The error complained of is manifest, and the suggestion of appellees

that the words "deed of trust" instead of "deed" was a clerical error does not answer the objection.

If the deed was an absolute conveyance and not a mortgage plaintiffs could in no event recover, and it was error to rest Williams' right to a judgment upon a showing that the transaction between him and Wilson was not simulated.

No other errors are presented which are likely to occur upon another trial, hence we do not notice the remaining assignments. In view of the disposition of this appeal we do not deem it proper to pass on the assignment questioning the sufficiency of the evidence.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*